[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION POST JUDGMENT DATED JULY 21, 2000 (# 137) PLAINTIFF'S MOTION FOR CONTEMPT. POST JUDGMENT DATED AUGUST 25, 2000 (# 138) PLAINTIFF'S MOTION FOR COUNSEL FEES DATED AUGUST 25, 2000 (#140)
The defendant seeks to modify the present alimony and child support orders alleging that there has been a substantial change in the economic circumstances of at least one of the parties. Connecticut General Statutes Sec. 46b-86 allows for such modification. The plaintiff seeks to hold the defendant in contempt for allegedly failing to pay alimony and support as ordered by the court and further, seeks counsel fees in order to defend the plaintiff's motion for modification.
The marriage of the parties was dissolved by the court (Devine, J.) on CT Page 2462 April 15, 1999. Section 3 of the judgment contains the usual provisions for child support together with a provision that the defendant "shall pay for tuition, fees and books of Andrew at Kingswood-Oxford through high school." Section 6 contains an alimony provision for the benefit of the plaintiff which is subject to modification upon a showing of a substantial change. The defendant's financial affidavit of April 15, 1999 shows weekly gross income from employment of $4,800 after deducting a $30,000 annual contribution to a retirement plan, and other weekly gross income of $2,943 consisting of a bonus of $2,758, interest of $53 and rent of $132 (based upon calendar year 1998). Both parties appeared with counsel on December 6, 2000 and offered testimony and introduced documentary evidence. The court, after reviewing the testimony and exhibits makes the following findings of fact.
The defendant's financial affidavit of December 6, 2000 reflects the same weekly gross income from employment of $4,800 and the same annual amount of $30,000 contributed to the defendant's retirement account. His annualized bonus amounted to $1,731 based upon a bonus received in August, 2000 and weekly rental income of $132. Based solely upon the financial affidavits the defendant's weekly gross income from all sources was reduced from $8,320 to $7,240, a 13% decrease. In his motion the defendant claimed his income for the year 2000 decreased by 36% over the preceding year. Notwithstanding the latter claim and the financial affidavits, the court finds that the defendant's income from his employment for 1999 amounted to $352,100 and for 2000 — $379,434 anincrease of $27,334. It should be noted that the defendant's motion was filed prior to the receipt of a substantial bonus in August 2000 but several months prior to the hearing. The court finds that there has been no substantial change which would entitle the defendant to a modification of either child support or alimony.
As part of his motion the defendant also requests that the court order the plaintiff to contribute to the cost of sending their son, Andrew, to Westminster which he currently attends as a boarding student. At the time of the dissolution of the marriage of the parties Andrew was a day' student at Kingswood-Oxford. There is a significant difference in the overall costs of the schools. The defendant agreed to have Andrew attend Westminster because he was not doing well at Kingswood-Oxford for a variety of reasons. He has since improved academically and both parties agree that he is better off. However, the plaintiff claims that the change was made by the defendant and Andrew, and although she agrees the change is for the better she feels that the defendant should pay for the entire amount. Based upon the court's review of all of the relevant financial information the court agrees with the plaintiff.
The parties introduced evidence of the plaintiff's failure to pay some CT Page 2463 of Andrew's expenses and of the failure of the defendant to pay alimony and child support in a timely manner. Both parties are ordered to comply with the terms of the judgment. The court makes no finding of contempt.
The court awards the plaintiff counsel fees in the amount of $4,000 payable within 30 days.
BY THE COURT __________________ JOHN R. CARUSO, J.